CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

2013 MAR 25  PM 1: 34

DEPUTY CLERK_____

|   |   |   |
|---|---|---|
| **DIANA LOZANO,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 1:11-CV-212-BL** |
| | § | **ECF** |
| | § | |
| **CAROLYN W. COLVIN,**[1] | § | |
| **Acting Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | **Assigned to U.S. Magistrate Judge** |

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS CASE** is before the court upon Plaintiff's complaint filed November 3, 2011, for

judicial review of the administrative decision of the Commissioner of Social Security denying

Plaintiff's application for disability insurance benefits and supplemental security income under Titles

II and XVI of the Social Security Act (Doc. 2). Plaintiff filed a brief in support of her complaint on

June 11, 2012 (Doc. 21). Defendant filed a brief on July 12, 2012 (Doc. 22). The parties consented

to having the United States magistrate judge conduct all further proceedings in this case on

November 3, 2011 (Doc. 5), and March 8, 2013 (Doc. 25).

This court has considered the pleadings, the briefs, and the administrative record and finds

that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be

dismissed with prejudice.

---

[1]       Carolyn W. Colvin became Acting Commissioner of Social Security, effective
February 14, 2013, and is therefore substituted as Defendant in this matter for Michael J. Astrue, per
FED. R. CIV. P. 25(d)(1).

## I.   STATEMENT OF THE CASE

Plaintiff filed applications for periods of disability and disability insurance benefits and supplemental security income on May 13, 2009 (Tr. 16), alleging disability beginning February 14, 2009. Tr. 16, 121-26. Plaintiff's applications were denied initially and upon reconsideration. Tr. 61-66, 69-72.   Plaintiff filed a Request for Hearing by Administrative Law Judge on March 10, 2010, and this case came for hearing before the Administrative Law Judge ("ALJ") on February 8, 2011. Tr. 31-56.

Plaintiff, represented by an attorney, appeared and testified in her own behalf.  Tr. 33-51 . A vocational expert ("VE") appeared and provided expert testimony. Tr. 51-55. The ALJ issued an opinion that was unfavorable to Plaintiff on March 16, 2011.  Tr. 13-30.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act.  The ALJ found that Plaintiff met the insured status requirements through June 30, 2013. Tr. 16.  The ALJ further found that Plaintiff had not engaged in substantial gainful activity at any time since her alleged onset date. Tr. 18.  The ALJ found that Plaintiff has "severe" impairments, including depressive disorder; anxiety disorder, fibromyalgia, and obesity. Tr. 18. The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 18-19.  The ALJ specifically addressed the criteria of Sections 12.04, 12.06, 14.06, and 14.09 of the Listings. Tr. 19.  The ALJ evaluated Plaintiff's mental impairments, finding that such impairments have imposed mild limitations in her daily activities; mild limitations in her social functioning; mild limitations in her concentration, persistence, and pace; and no episodes of decompensation of extended duration, as required by Sections 12.04 and 12.06 of the Listings. Tr. 23.

Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 19. The ALJ noted Plaintiff's allegations regarding her symptoms and the limitations imposed therein. Tr. 19-23. The ALJ extensively discussed Plaintiff's reports of her medical treatment and her activities of daily living and compared them with the objective medical evidence of record. *Id.*

The ALJ found that Plaintiff has underlying medically determinable impairments which could reasonably cause some of the symptoms alleged. Tr. 20. The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments, the symptoms experienced therein, and the intensity, persistence, and limiting effects of such symptoms were not entirely credible and were inconsistent with the RFC finding. *Id.* The ALJ noted that he had considered the intensity, persistence, and limiting effects of Plaintiff's pain; her work history; and other information and observations provided by treating physicians and third parties. Tr. 22. He noted that Dr. Dozier, Plaintiff's treating pain management specialist, indicated that Plaintiff had a low pain threshold, and noted multiple Waddell's signs, which suggest symptom magnification. *Id.*

The ALJ found that Plaintiff retained the residual functional capacity to perform the physical and nonexertional requirements of a range sedentary work, except that she: cannot push or pull more than 20 pounds with her upper and lower extremities; cannot climb ropes, ladders, or scaffolds; can only occasionally climb stairs or ramps; can only occasionally balance, crawl, or kneel; cannot crawl

or stoop; can frequently, but not constantly, manipulate objects with her extremities; she cannot reach overhead; cannot be exposed to unprotected heights or hazardous moving machinery; and she can understand, recall and carry out detailed (but not complex) instructions. Tr. 19. The ALJ indicated that he had considered Plaintiff's obesity and the medical evidence of record in determining not additional limitations imposed therein. Tr. 23. The ALJ discussed Plaintiff's complaints of pain and the degree to which her subjective complaints were supported by the medical evidence of record. Tr. 21-23.

The ALJ found that Plaintiff could not perform any of her past relevant work. Tr. 24. The ALJ noted that Plaintiff was a "younger individual" on her alleged onset date with a high school education and the ability to communicate in English. Tr. 25. The ALJ found that transferability of skills was not material to a determination of disability. *Id.*

The ALJ relied upon the testimony of the vocational expert, who indicated that a person of the Plaintiff's age, education, past relevant work experience, and residual functional capacity could perform work which existed in the national economy, including the jobs of document preparer, order clerk, and telephone quotation clerk. Tr. 25. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 26.

Plaintiff sought review of the hearing decision and order. The Appeals Council first denied Plaintiff's request on July 19, 2011 (Doc. 7-12). The Appeals Council later set aside the denial to permit consideration of additional evidence. Upon review of such evidence, the Appeals Council issued a second opinion on September 8, 2011, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 1-6. The ALJ's decision, therefore, became the final

decision of the Commissioner.

On November 3, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton*, 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271;

*Newton*, 209 F.3d at 453.  In this case the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to other work which exists in significant numbers in the national economy. Tr. 30.

### III.   DISCUSSION

Plaintiff claims that the ALJ erred by failing to appropriately incorporate the limitations imposed by her impairments into the RFC determination.  The ultimate issue is whether the ALJ's decision is supported by substantial evidence.  The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga v. Bowen,* 810 F.2d 1296, 1301 (5th Cir. 1987).  A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity."  *Milam v. Bowen,* 782 F.2d 1284, 1286 (5th Cir.1986).

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as to be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. *Loza,* 219 F.3d at 393.  If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id.*  Plaintiff argues that the ALJ

failed to incorporate postural limitations into the RFC determination which adequately reflected the limitations imposed by his severe neck impairment.

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. Soc. Sec. Ruling 96-7p (July 2, 1996) ("SSR 96-7p").

Plaintiff argues that the ALJ erred insofar as the RFC finding does not sufficiently limit Plaintiff's ability to manipulate objects. The ALJ found that Plaintiff's ability to perform a range of work at the sedentary exertional living was subjective to numerous postural limitations; among these were limitations on pushing or puling more than 20 pounds in the upper and lower extremities, no overhead reaching, and that Plaintiff could frequently (but not constantly) manipulate objects with the upper and lower extremities. Tr. 19.

Plaintiff specifically argues that she can perform fine manipulation on a no more than occasional basis, as noted by the State agency medical consultant. Tr. 354. She argues that the limitations caused by her left-sided weakness, tenderness, and numbness of the left hand, wrist, and arm, significantly limit her ability perform reaching, fingers, and handling.

The ALJ's opinion indicates that he considered Plaintiff's allegations as well as the medical evidence of record in concluding that Plaintiff's statements as to the limiting effects of her symptoms were not entirely credible. Tr. 19-20. The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). "How much pain is disabling is a question for the ALJ since the ALJ has primary responsibility for resolving conflicts in the evidence." *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir.1991) (citing *Villa*, 895 F.2d at 1022).

The ALJ noted that Plaintiff's pain management physician had observed multiple Waddell's signs that suggest symptom magnification. Tr. 27. The ALJ noted that although there were some suggestions of hemiparesis affecting Plaintiff's left side, her MRIs were normal and there was no evidence that she had experienced a stroke. Tr. 23. Plaintiff reported exquisite pain, but the objective testing performed by treating physicians included x-rays that were essentially normal and electrodiagnostic evidence of mild sensory neuropathy without clinical findings of median neuropathy. Tr. 231. Findings upon physical examination varied. The ALJ appropriately resolved any conflicts in the evidence. The ALJ discussed the various medical reports, compared the medical evidence of record with Plaintiff's subjective complaints, and made an appropriately supported

credibility determination.  The ALJ did not err and both the RFC finding and the ALJ decision are supported substantial evidence.

## IV.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed November 3, 2011 (Doc. 2), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 25th day of March, 2013.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**